Ruffin, C. J.
 

 The book was properly excluded, and there was no evidence competent to establish the demand. Although assumpsit may lie for the price of goods bargained and sold, yet it must be sustained by disinterested witnesses. It is only in suits for “goods sold, and delivered,” that the plaintiff and his book are made competent by the statute. The act is express upon that head. It repeats more than once, that the deli very, is to be proved; saying, that if the plaintiff will declare on oath, that he hath no means “to prove the delivery of such articles” as he professes to prove by his own oath but by his book; and also, that the articles contained , in the book, and by him so proved “were
 
 bona fide
 
 delivered;” then, the book and oath shall be received, “as good evidence for the several articles so proved to be delivered.” Rev* St. Cb. 15. It is clear, therefore, that there must be a
 
 bonafi.de
 
 or actual delivery established by the party’s oath, before he can recover on the evidence of his oath and book; and the reason seems manifest. It is to lessen the danger of perjury, by the departure from the rule of the common law, whereby a party was excluded from being a witness for himself. For, there would be great danger in allowing one to prove for himself special agreements for sales, unaccompanied by acts, openly denoting the change of property. It is a wholesome provision, therefore, that the oath, as to the contract of sale, should be corroborated by the further oath of the party to the delivery of the thing, since, if false, the falsehood in the latter point is much
 
 *418
 
 more open to detection than in the former, and in the same proportion the temptation to perjury and its frequency are diminished. There was not only no delivery in this case, but the defendant, not having paid or tendered the price, wss not even entitled to the possession.
 
 2
 
 B. Com. 448.
 

 Per Curiam. Judgment affirmed.